IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                                                                    ) | Case No.  CR-12-1-HE |
| ) | |
| JULIUS LEE TURRENTINE, and         ) | |
| JIMMIE EUGENE JOHNSON, JR.,     ) | |
| ) | |
| Defendants.     ) | |

JULIUS LEE TURRENTINE'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT AND THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION WITH BRIEF IN SUPPORT

Julius Lee Turrentine, defendant, by and through his attorney, Teresa Brown, moves for an Order suppressing any evidence and fruits thereof, obtained as a result of an unlawful stop, search and seizure of the vehicle he was driving on the Turner Turnpike, in the Western District of Oklahoma in violation of the Fourth Amendment and the Equal Protection Clause of the United States Constitution.  This motion and brief in support is tendered pursuant Rule 12(b)(3) of the Federal Rules of Criminal Procedure. This case  is set for jury trial on March 12, 2012.

FACTS

Mr. Turrentine is charged by grand jury indictment in one count with conspiracy to possess with intent to distribute  and to distribute more than five kilograms of cocaine, in violation of Title 21, United States Code  §841.  Counsel, through discovery, is aware of cocaine, fingerprints, receipts and other evidence obtained pursuant a search of the vehicle driven by Mr. Turrentine at the toll plaza closest to the Stroud Exit on the Turner Turnpike

in the Western District of Oklahoma. Mr. Turrentine's vehicle was stopped by Oklahoma Highway Patrol Officer Painter for allegedly failing to signal and the vehicle was ultimately searched. Mr. Turrentine and his passenger, Mr. Johnson are of African American descent. This search was conducted without warrant on November, 23 2011. A subsequent search of celluar phones seized from the car or from the persons of Mr. Turrentine or Mr. Johnson was later conducted pursuant a search warrant. The search warrant was obtained based on evidence recovered at the initial stop. Counsel anticipates the government will attempt to introduce this evidence at trial.

## LAW AND ARGUMENT

The Fourth Amendment protects legitimate expectations of privacy from intrusion by governmental authority. Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment–subject only to a few specifically established and well-delineated exceptions. Mincey v. Arizona, 437 U.S. 385, 390 (1978), quoting Katz v. United States, 389 U.S. 347, 357 (1967). A warrantless seizure is presumptively unreasonable. Coolidge v. New Hampshire, 403 U.S. 443, 454-455 (1971).

The reasonableness of a stop is evaluated under the two-prong test stated in *Terry v. Ohio*, 392 U.S. 1 (1968). First, "whether the officer's action was justified at its inception", and second, "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id*., 392 U.S. at 20. In the Tenth Circuit, the inquiry is stated as: (1) Did the officer have reasonable suspicion to believe there was a violation of an applicable traffic regulation justifying a stop, and, (2) were the officer's actions "'reasonably

related in scope to the circumstances which justified the interference in the first place'"? *United States v. Botero-Ospina*, 71 F.3d 783, 787-88 (10th Cir. 1995) (en banc), *cert. denied*, 518 U.S. 1007 (1996), *citing Terry v. Ohio, supra*. A negative answer to either of these two prongs will invalidate a stop. Any evidence gathered as a result of the unlawful seizure would be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963).

This Court must determine whether the Trooper's observations justified a conclusion there was probable cause to believe a traffic offense was committed. This is a factual issue that can only be determined after an evidentiary hearing. In addition, the Court must determine if the Troopers exceeded the scope of the stop.

> When a driver has produced a valid license and proof of entitlement to operate the vehicle, an officer may issue a citation, but then usually must allow the driver to proceed without further delay or questioning. *United States v. Hunnicutt,* 135 F.3d 1345, 1349 (10th Cir.1998). Two exceptions to this general rule exist however. An officer may question the driver further if (1) the officer has an objectively reasonable and articulable suspicion that the driver is engaged in illegal activity, or (2) the driver voluntarily consents to further questioning. *Id.*

*United States v. Patten*, 183 F.3d 1190, 1193 (10th Cir. 1999). As it concerns the issue of reasonable suspicion, the Court must look to "'the totality of the circumstances to see whether the officer had a particularized and objective basis for suspecting legal wrongdoing.'" *United States v. Williams*, 403 F.3d 1203, 1207 (10th Cir.2005), *quoting United States v. Arvizu*, 534 U.S. 266, 273 (2002).

When the propriety of a warrantless seizure is challenged, as in this case, an evidentiary hearing is required. The burden of proof is upon the government to show the

warrantless seizure was justified as one of the recognized exceptions to the warrant requirement. Villiano v. United States, 310 F.2d 680, 684 (10th Cir. 1962. If the government does not carry its burden, and the seizure is found to have been improper, none of the materials seized should be admitted at trial. Further, any evidence gathered as a result of the government's use of the improperly seized material also should be suppressed as "fruit of the poisonous tree". Wong Sun v. United States, 371 U.S. 471 (1963).

It appears from the discovery materials received from the government, that there are no justifiable exceptions to the warrantless search of the vehicle driven by Mr. Turrentine. Certainly Mr. Turrentine did not give consent to search the vehicle, nor did Mr. Johnson. There was no probable cause to search the vehicle. Mr. Turrentine and Mr. Johnson were not under arrest. There were no exigent circumstances. There was not an alleged inventory search of the vehicle. There was no contraband in plain view.

It appears from a review of the discovery materials and investigation that the initial stop of the vehicle driven by Mr. Turrentine was racially motivated. Although "subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis", racial profiling concerning the intentional discriminatory application of the law may implicate the Equal Protection Clause. *Whren v. United States*, 517 U.S. 806, 813 (1996).

## CONCLUSION

Mr. Julius Turrentine submits the warrantless search and seizure of his person and the vehicle he was driving on November 23, 2011 was illegal and in violation of the Fourth Amendment. There were no established or well-delineated exceptions justifying the search and seizure of his property. Furthermore, he submits the initial traffic stop of his vehicle was

racial profiling and in violation of the Equal Protection Clause. Thus, all evidence obtained as a result of this unconstitutional search and seizure should be suppressed. An evidentiary hearing is necessary to develop the facts concerning the seizure and the government's justification for the seizure. Counsel requests an opportunity to submit a legal memorandum after the hearing if the factual issues raised warrant further legal analysis.

>Respectfully submitted,
>
>S/TERESA BROWN
>TERESA BROWN, OBA #4725
>Assistant Federal Public Defender
>Suite 109  215 Dean A. McGee
>Oklahoma City, Oklahoma 73102
>(405) 609-5930  (405) 609-5932 FAX
>teresa_brown@fd.org
>COUNSEL FOR DEFENDANT
>JULIUS LEE TURRENTINE

CERTIFICATE OF SERVICE

I hereby certify on this 10th day of February, 2012, I electronically transmitted the attached document entitled Julius Lee Turrentine's Motion To Suppress Evidence Obtained As a Result of an Illegal Search and Seizure in Violation of the Fourth Amendment and the Equal Protection Clause of the United States Constitution with Brief in Support to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Andre Caldwell, Assistant United States Attorney, counsel for plaintiff.

>S/TERESA BROWN
>TERESA BROWN