**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JULIUS LEE TURRENTINE, ) <br> ) <br> Defendant. ) | NO. CR-12-00001-001-HE <br> NO. CIV-14-0737-HE |

# ORDER

Defendant Julius Lee Turrentine was convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and was sentenced to 240 months imprisonment. Defendant appealed and the Tenth Circuit affirmed his conviction and sentence. United States v. Turrentine, 542 Fed. App'x 714 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1356 (2014). After the Supreme Court denied certiorari, defendant filed a motion seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

Defendant's motion urges four grounds for the relief he seeks. The first three grounds are not ordinarily appropriate for a § 2255 motion. In ground one, he attacks the constitutionality of the stop and search that led to his arrest. Because this issue has already been litigated, both at the suppression hearing and on direct appeal, it is not subject to challenge now. United States v. Lee Vang Lor, 706 F.3d 1252, 1257 (10th Cir. 2013) (quoting United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993): "Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct

appeal."). In ground two, defendant attacks the sufficiency of the government's evidence that a conspiracy existed. In ground three, he challenges the exclusion of two witnesses and the admission of his prior conviction. These types of alleged errors are ordinarily reviewable only on direct appeal, not on a motion to vacate. *See* United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004)("A § 2255 motion is not intended as a substitute for appeal.") *See also,* Carrillo v. United States, 332 F.2d 202, 202 (10th Cir. 1964). Plaintiff makes no showing as to any basis for an exception to this rule other than by his ineffective assistance claim.

Defendant's fourth ground for relief asserts ineffective assistance of counsel by his trial counsel, Assistant Federal Public Defender Teresa Brown. That claim is properly raised by a motion to vacate. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must "'show that counsel's representation fell below an objective standard of reasonableness.'" Heard v. Addison, 728 F.3d 1170, 1175 (10th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1985)). The defendant must also establish prejudice by demonstrating "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1176 (quoting Cullen v. Pinholster, 131 S.Ct. 1388 (2011)). Because defendant must satisfy both elements of the Strickland standard to succeed on an ineffective assistance claim, the court may consider them in any order and need not address both "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Defendant alleges various ways in which he asserts his counsel was ineffective. None are persuasive. He alleges his counsel failed to cite legal authority to support a suppression

of evidence based on alleged racial profiling in violation of the Equal Protection clause of the Fourteenth Amendment. However, that failure was not unreasonable given the apparent absence of authority supporting that theory as a basis for suppression. *See* U.S. v. Harmon, 785 F.Supp.2d 1146, 1170 (D.N.M. 2011) ("we are aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause and we decline [the] invitation to do so here"). Both counsel apparently sought, but could not locate, authorities applying a suppression remedy on that basis. *See* Doc. #143 at 8 ("The petitioner agrees with the government that there is not any case law to support suppression of evidence based on alleged profiling."). Defendant cites no such authority in his motion.

Defendant also claims Ms. Brown did not properly develop a challenge to the legality of the stop, search and seizure. The record establishes this allegation to be baseless. Counsel challenged the stop and subsequent activities on those grounds with a reasonable prospect of warranting suppression.

Defendant argues that his counsel failed to challenge the sufficiency of the evidence to prove a conspiracy, that she should have challenged to exclusion of two witnesses from testifying and that she should have challenged the admission of a prior conviction of defendant. As to all three of these arguments, the record establishes that Ms. Brown reasonably advocated these positions at trial. She apparently did not pursue them on appeal, but plaintiff makes no plausible showing that the result would have been different if she had.

Defendant also claims his counsel failed to pursue information regarding the DEA's interest in defendant prior to his arrest and failed to object to certain of the government's

closing arguments. It is far from clear that either of these claims involved problematic performance by counsel but, in any event, defendant makes no plausible showing that the referenced matters prejudiced him in any way.

Finally, defendant argues all the above issues should have been raised or pressed more aggressively on appeal. However, he has not shown a reasonable probability that the resolution of any of these issues would have led to a different result in this case.

Accordingly, defendant's § 2255 motion is **DENIED**. Defendant's request for an evidentiary hearing is also **DENIED**, because a hearing is unnecessary to resolve the issues raised. *See* 28 U.S.C. § 2255(b) (requiring a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). A certificate of appealability is also **DENIED,** as the court concludes defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 10th day of March, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

4